FILED

1  Layne Melzer (State Bar No. 132292)
   (lmelzer@rutan.com)
2  Karen E. Walter (State Bar No. 186934)
   (kwalter@rutan.com)
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

2008 FEB 14  PM 3: 37

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY_____

6  Attorneys for Defendant
   BROTHER INTERNATIONAL CORPORATION
7

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11  JEFF KANDEL, individually and on behalf | Case No.  **CV 08 - 01040 ABC**
    of all others similarly situated,
12                                          | Assigned To:
              Plaintiff,
13                                          | HON.
         vs.                                | COURT ROOM
14
    BROTHER INTERNATIONAL                   | **NOTICE OF REMOVAL**
15  CORPORATION; BROTHER
    INDUSTRIES, LTD; and DOES 1 through
16  100, inclusive,                         | Date Action Filed:   12/18/07
                                            | Removal Date:        2/14/08
17           Defendants.                    | Trial Date:          None
                                            | Scheduling Conf.     None
18

19

20

21       Defendant Brother International Corporation, Inc. ("BIC") hereby gives NOTICE

22  OF REMOVAL of the above-captioned action from the Superior Court of Los Angeles

23  County, California, to this Court under 28 U.S.C. § 1441(a) on the grounds of diversity

24  jurisdiction under the Class Action Fairness Act ("CAFA" at 28 U.S.C. 1332(d)).  In

25  support of this Notice of Removal, Defendant alleges as follows:

26       1.      On Friday, January 18, 2008, BIC was served by hand with a copy of the

27  summons and complaint in the action entitled Jeff Kandel, individually and on behalf of all

28  others similarly situated v. Brother International Corporation, Brother Industries Ltd., and

1    Does 1 – 100, Case No. BC382395 (the "State Action").  This Notice of Removal is filed

2    within 30 days after BIC's receipt of the initial pleading, as required by 28 U.S.C.

3    § 1446(b).

4        2.      A copy of the summons and complaint in the State Action is attached hereto

5    as Exhibit "A."  A copy of the Notice of Court Order Re Non-Complex Designation and

6    Reassignment is attached as Exhibit "B."  A copy of Plaintiff's Objection to Non-Complex

7    Designation is attached as Exhibit "C."  These papers are the only process, pleadings or

8    orders served on BIC in the State Action as of the date of this Notice of Removal.

9        3.      Defendant Brother International Corporation ("BIL") has not been served

10   with the summons or complaint in the State Action, so the consent and joinder of BIL in

11   this removal are not required.  (Salveson v. Western States Bankcard Ass'n (9th Cir. 1984)

12   731 F.2d 1423, 1429 ["Our circuit rule is that a party not served need not be joined; the

13   defendants summonsed can remove by themselves."])

14       4.      The Court has original jurisdiction over this action pursuant to CAFA, 28

15   U.S.C. § 1332(d)(2)(A) and (C) because:

16           a.      The State Action is a "class action" as defined in 28 U.S.C.

17   § 1332(d)(1)(B) (Complaint, ¶¶ 9-10);

18           b.      Plaintiff alleges the aggregate value of the amount in controversy

19   based exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2) and

20   (6)); and

21           c.      There is minimal diversity.  Specifically, at least one member of the

22   class of plaintiffs is a citizen of a different state than BIC and, alternatively, at least one

23   member of the class of plaintiffs is a United States citizen, while Defendant BIL is a

24   citizen of a foreign state, Japan.

25       5.      The facts demonstrating the existence of minimal diversity under 28 U.S.C.

26   § 1332(d)(2)(A) and (C) are as follows:

27           a.      Plaintiff Jeff Kandel ("Plaintiff") is a member of the plaintiff class.

28   (Complaint, ¶¶ 9, 16.)  Plaintiff is an individual who resides in the City of Los Angeles,

1   State of California. (Id., ¶ 3.)  BIC alleges Plaintiff was/is domiciled in California, and

2   Plaintiff was/is a citizen of California both at the time he filed the State Action and at the

3   time BIC filed this Notice of Removal.

4          b.       Plaintiff seeks to certify a plaintiff class consisting of "All persons,

5   who within the State of California, purchased" certain Brother-brand laser printers within

6   the last four years. (Id., ¶ 9.)  Based on these allegations, BIC alleges there are other

7   plaintiffs in the plaintiff class who were/are domiciled in California and who were/are

8   citizens of California both at the time Plaintiff filed the State Action and at the time BIC

9   filed this Notice of Removal.

10          c.       Neither of the two defendants are (or ever have been) citizens of

11   California.  Both at the time the State Action was filed and at the time of removal, BIC

12   was/is a corporation incorporated pursuant to the laws of the State of Delaware with its

13   principal place of business located in Bridgewater, New Jersey. (Id., ¶ 4.)  BIC is therefore

14   a citizen of New Jersey and Delaware for purposes of diversity jurisdiction.

15          d.       Both at the time the State Action was filed and at the time of removal,

16   BIL was/is a corporation organized and existing pursuant to the laws of Japan with its

17   principal place of business located in Japan.  BIL is therefore a citizen of the foreign state

18   of Japan for purposes of diversity jurisdiction.

19       6.       As to the amount in controversy, Plaintiff does not specifically allege the

20   total amount of damages he seeks for himself or on behalf of the plaintiff class.  Plaintiff

21   pleads that the amount in controversy "is in excess of the jurisdictional minimum" for

22   California state courts, which is $25,000.00 to avoid classification as a "limited civil case."

23   (Id., ¶ 1;  Code Civ. Proc. § 85(a).)  Although BIC disputes that it is liable to Plaintiff in

24   any amount, based on the following allegations in Plaintiff's Complaint, if accepted as

25   true, it appears more likely than not that the aggregate amount in controversy exceeds

26   $5,000,000.00:

27          a.       According to Plaintiff the number of plaintiff class members is "in the

28   hundreds of thousands, if not more." (Complaint, ¶ 10.)

1          b.     Plaintiff alleges that he and all class members were induced "to

2  prematurely and continually purchase Brother Toner cartridges" over the last four years in

3  reliance on allegedly false representations by defendants. (<u>Id.</u>, ¶¶ 9, 21.)

4          c.     Plaintiff alleges that Brother-brand toner cartridges "are defectively

5  designed . . . . As a result of the defect, consumers . . . are forced to purchase replacement

6  toner cartridges even though toner remains." (<u>Id.</u>, ¶ 45.)

7          d.     Plaintiff claims that Defendants have been "unjustly enriched by

8  receipt of hundreds of thousands, if not millions, of dollars in monies received from

9  customers who purchase the Brother Printers and Brother Toner Cartridges . . . ." (<u>Id.</u>,

10  ¶ 48.)

11          e.     Plaintiff seeks actual damages. (<u>Id.</u>, ¶ 33.)

12          f.     Plaintiff seeks punitive damages under Civil Code § 1780(a)(4) and

13  Civil Code § 3294. (<u>Ibid.</u>) "In determining the amount in controversy, the court must

14  consider the amount of actual and punitive damages." (<u>Nasiri v. Allstate Indem. Co.</u> (9th

15  Cir. 2002) 41 Fed. Appx. 76, 77.)

16          g.     Plaintiff seeks "full restitution." (Complaint, Prayer ¶ B.)

17          h.     Plaintiff seeks a statutory award of attorneys' fees (distinct from

18  costs) under Civil Code § 1780(d) and Code of Civil Procedure § 1021.5. (<u>Id.</u>, ¶¶ 33, 41.)

19  "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory

20  or discretionary language, such fees may be included in the amount in controversy." (<u>Galt</u>

21  <u>G/S v. JSS Scandinavia</u> (9th Cir. 1998) 142 F.3d 1150, 1155-1156.)

22          i.     Plaintiff also seeks disgorgement of profits on all sales of toner

23  cartridges in California within the four-year class period. (Complaint, ¶ 41, Prayer ¶ F.)

24          j.     Plaintiff alleges that toner cartridges for some Brother-brand laser

25  printers cost $170.00 each. (<u>Id.</u>, ¶ 25, bullet point no. 9.)

26      7.     Additionally, more recently, in Plaintiff's objection to the designation of the

27  case as non-complex, Plaintiff asserts that the class consists of "hundreds of thousands (if

28  not millions) of California consumers." (Ex. C, 4:13.)

1      8.      Though BIC disputes liability and any entitlement to monetary relief, taking

2   the allegations pled, including  the class size and definition alleged by Plaintiff, it appears

3   more likely than not that Plaintiff intends to represent a putative class of at least  five

4   hundred thousand members.  Using the $170.00 price for a toner cartridge as alleged in

5   Plaintiff's complaint, if Plaintiff is seeking restitution of the purchase price of just one

6   toner cartridge per each purported class member, the amount in controversy easily exceeds

7   CAFA's $5,000,000.00 jurisdictional threshold.  (Indeed, if the restitution sought per class

8   member is $170.00, the class would only need to have approximately 30,000 members to

9   meet the jurisdictional limit – far less than the "hundreds of thousands (if not millions)"

10  alleged by Plaintiff.)  Even if Plaintiff is seeking a measure of damages that is something

11  less than the price of one toner cartridge, such as a $10 claim per class member (i.e., about

12  5% percent of the price of just one toner cartridge at the alleged price of $170), that

13  minimal measure of damages for a class of 500,000 would mean Plaintiff is prosecuting  a

14  $5,000,000.00 claim.  Adding punitive damages and attorneys' fees, the amount in

15  controversy based on the allegations in the complaint is more likely than not to exceed

16  $5,000,000.00.

17     9.      Promptly after filing this Notice of Removal with the District Court in the

18  district and division where the State Action is now pending, BIC will file a copy of this

19  Notice of Removal with the Clerk of the Superior Court of Los Angeles County as

20  required by 28 U.S.C. § 1446(d).

21     **WHEREFORE,** BIC hereby removes this action now pending in the Superior

22  Court of Los Angeles County, California, to this Court.

23

24

25  Dated:  _____                    RUTAN & TUCKER, LLP

26                                              By: _____

27                                              Layne Melzer

28                                              Attorneys for Defendant
                                                BROTHER INTERNATIONAL
                                                CORPORATION

RECVD 1/18/2007 1:44pm
BY HAND

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BROTHER INTERNATIONAL CORPORATION.; BROTHER
INDUSTRIES, LTD.; and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFF KANDEL, individually and on behalf of all others similarly
situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted puede usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court Of California - Central District
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kalcheim Law Group, P.C., Amber S. Healy, 2049 Century Park East, Suite 2150, Los Angeles, CA 90067
T: (310) 461-1200

DATE:
*(Fecha)*  DEC 1 8 2007

Clerk, by _____, Deputy
*(Secretaria)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*[SEAL]*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT A  pg. 6



1  KALCHEIM LAW GROUP, P.C.
   Mitch Kalcheim (SBN: 175846)
2  Amber S. Healy (SBN: 232730)
   2049 Century Park East, Suite 2150
3  Los Angeles, California 90067
   Telephone:    310-461-1200
4  Facsimile:    310-461-1201

5  Attorneys for Plaintiff

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10 JEFF KANDEL, individually and on behalf of      CASE NO.
   all others similarly situated;
11                                                 CLASS ACTION COMPLAINT FOR:
                    Plaintiff,
12                                                 1. **Fraudulent & Unfair Business**
                 vs.                                  **Practices in Violation of California**
13                                                    **Bus. & Prof. Code § 17200, et seq.**
   BROTHER INTERNATIONAL
14 CORPORATION; BROTHER INDUSTRIES,               2. **Unlawful Business Practices in**
   LTD; and DOES 1 through 100 inclusive.            **Violation of Bus. & Prof. Code §**
15                                                    **17500, et seq.**

16                                                 3. **Violation of the Consumer Legal**
                                                      **Remedies Act**
17

18

19

20

21         Plaintiff Jeff Kandel ("Kandel" or "Plaintiff"), on behalf of himself and all those similarly

22 situated, alleges the following on information and belief except as to allegations concerning Plaintiff

23 or his counsel, which allegations are made upon personal knowledge.

24                            **JURISDICTION AND VENUE**

25         1.    This action is brought as a class action pursuant to Code of Civil Procedure § 382 and

26 Civil Code § 1781 to remedy violations of California law by the defendant. This Court has

27 jurisdiction over this action because it is a class action, the amount in controversy is in excess of the

28 jurisdictional minimum and injunctive relief is requested.

                                         1
   CLASS ACTION COMPLAINT

                                                   I:\Active\Civil Library\Brother\Lit\Complaint-Brother2 1:

2.   Venue is proper in Los Angeles County pursuant to 395(a) of the Code of Civil
Procedure. All Defendants conduct business in Los Angeles and many of the acts giving rise to the
violations complained of occurred in Los Angeles County.

**THE PARTIES**

3.   Plaintiff Jeff Kandel is an individual who resides in the City of Los Angeles, County of
Los Angeles, and State of California.

4.   Defendants Brother International Corporation and Brother Industries, Ltd. Brother, Inc.
(collectively "Brother," "Defendant," or "the Company"), do business in the state of California with
its principal place of business located 100 Somerset Corporate Blvd., Bridgewater, New Jersey
08807-0911. Brother is a provider of consumer electronics for the home, including, ink jet and laser
printers and "all-in-one" printer/fax/copy machines.

5.   Plaintiff does not know the true names or capacities of the persons or entities sued
herein as DOES 1 to 100, inclusive, and therefore sue such Defendants by such fictitious names.
Plaintiff alleges that each of the Doe Defendants is in some manner legally responsible for the
damages suffered by Plaintiff and the members of the class alleged herein. Plaintiff will amend this
complaint to set forth the true names and capacities of other Defendants when they have been
ascertained, along with appropriate charging allegations, as may be necessary.

6.   Plaintiff alleges that the Defendants, and each of them, are, and at all times herein
mentioned were, the agents, servants or employees of each other, and in doing the acts and following
the course of conduct set for the herein, each such defendant was acting within the course and scope
of such agency or employment, and each defendant approved, ratified or affirmed the acts and
conduct of each other defendant or its officers or managing agents.

7.   Defendants own, direct, operate and control, or are the alter egos of various subsidiaries
or wholly-owned companies, and, at all times herein mentioned, a unity of interest and ownership
has existed between such Defendants.

8.   There is a complete unity of interest and ownership among Defendants and their
subsidiaries, such that there is not corporate separateness and independence among said corporation
and each of said corporation is merely the agent and instrumentality of each other. By reason of the

2

CLASS ACTION COMPLAINT

EXHIBIT A , PAGE 8

1  above facts, recognition of the independent identity of the Defendants would operate a fraud upon

2  Plaintiff and the members of the class such that each of said Defendants should be regarded as alter

3  ego or each other and held responsible for its obligations and liabilities.

4  ## CLASS ACTON ALLEGATIONS

5  9.   Plaintiff brings this action as a class action pursuant to § 382 of the Code of Civil

6  Procedure and § 1781 of the Civil Code, on behalf of himself and the class defined below, consisting

7  of:

8  > All persons, who within the State of California, purchased a Brother laser printer, fax

9  > machine or "all in one." such as, but not limited to, the Brother Fax-2800 that requires the

10  > use of the laser toner cartridges and have purchased or had to purchase replacement laser

11  > toner cartridges within the last four years prior to the filing of this Complaint. Excluded from

12  > this class are officers, directors, agents, attorneys, of Defendants and their affiliates.

13  10.   Plaintiff does not know the exact number of members of the class, since that

14  information is within the exclusive control of Defendants. However, the members of the class are

15  believed to number in the hundreds of thousands, if not more. The class is so numerous that joinder

16  of all members is impracticable.

17  11.   Plaintiff and the members of the class share a community of interest, as they all have

18  the same or a similar claim arising from the same or similar wrongful actions and omissions of

19  Defendants. Plaintiff and class members allege that Brother and DOES violate multiple laws by

20  defrauding consumers by programming their Laser Toner Cartridges and Printers to prematurely

21  warn Brother printer owners that the printers are low on toner when they are not. In addition,

22  Plaintiff and class members allege that Brother and DOES violate multiple laws by defrauding

23  consumers and programming the Printers to shutdown-- claiming they are out of ink -- when in fact a

24  significant amount of toner remains in the toner cartridge.

25  12.   There are questions of law and fact common to class. These common questions

26  predominate over any individual questing or issues.

27  13.   Plaintiff's claims are typical of those of the class, all arise from the Defendants'

28  unlawful business practices, and all are based upon the same legal theories.

3

CLASS ACTION COMPLAINT

EXHIBIT  A  PAGE  9

1    14.  Plaintiff can and will fairly and adequately represent the interest of the class through

2  Plaintiff's attorneys, who are competent and qualified to prosecute this litigation.

3    15.  A class action is an appropriate method for the fair and efficient adjudication of this

4  controversy.

5             **COMMON FACTUAL ALLEGATIONS**

6    16.  Plaintiff owns a Brother printer ("Brother Printer"), and has purchased genuine Brother

7  Laser Toner for his Brother Printer. Specifically, Plaintiff owns a Brother Laser Printer/Fax-2800

8    17.  Defendants represent to Plaintiff and all class members by way of their printed material

9  on their website and by the way of their literature that accompanies the Brother Printers (including

10  the operating manuals that accompany Plaintiff's Brother Printer) that:

11          A.  Brother Printers require Brother Laser toner cartridges to work properly;

12          B.  The owners of the Brother Printers should only use "genuine" Brother

13              accessories; and

14          C.  "You can use only a genuine Brother Toner cartridge which is specially

15              formulated to ensure top print quality. Using another brand of toner cartridge

16              may void your machine's warranty."

17    18.  Defendants also state that it designed the Brother Printers to warn the user when the

18  toner cartridges are low on ink and to shutdown when they are out of toner. Specifically:

19          A.  The operating manual for Plaintiffs Fax-2800 states: "It is a good idea to keep a

20              new cartridge ready for use when you see the TONER LOW warning."

21          B.  The Fax-2800 operating manual also states when TONER EMPTY Error

22              message appears: "Toner is used up and printing is not possible ..."

23    19.  The foregoing representations made by Defendants are false, because:

24          A.  Brother's Toner Cartridges have no ability to monitor the levels of toner actually

25              inside the toner cartridge;

26          B.  Brother's Toner Cartridges are designed to shutdown the Brother Printers while

27              there is still a significant amount of toner left in the Brother Toner Cartridges.

28          C.  The manufacturer programmed settings can be set in a manner which allows all o

4

L\Active Civil Litigation\Brother\Litigation\Complaints\Brother\L

1    the toner in the toner cartridge to be used but Brother chooses not to program the

2    PRINTERS in the proper manner;

3    D. The warning lights are designed to falsely represent that the Brother Toner

4    Cartridges are almost out of toner when if fact a set and significant amount of

5    toner remains in the Brother Toner Cartridges ;

6    E. Brother Printers are programmed to shutdown when in fact a set and significant

7    amount of toner remains in the Brother Toner Cartridges ;

8    F. The Brother Printers work with toner cartridges other than Brother Toner

9    Cartridges. These "generic toner cartridges" are readily available;

10    G. Generic toner cartridges do not damage the Brother Printer.

11    20.   Defendants intentionally sold the Brother Printers at extremely low prices in order to

12    induce consumers to purchase its printers over its competitors' printers and thereby increase the

13    demand for Brother Toner Cartridges.

14    21.   Defendants devised a business scheme to artificially increase the demand for the

15    Brother Toner Cartridges above what ordinarily would have been purchased. Defendants' foregoing

16    representations were made in order to effectuate this plan by inducing Plaintiff and all class

17    members to prematurely and continually purchase Brother Toner Cartridges due to the information

18    that they received from Defendants representing: (a) that the Brother Printers would only work with

19    the Brother Toner Cartridges ; (b) that use of toner cartridges other than the Brother Toner

20    Cartridges would damage the Brother Printers; (c) Brother Toner Cartridges accurately monitored

21    the amount of toner left in the cartridges; and (d) that no toner was left in the Brother Toner

22    Cartridges when, in fact a significant amount of toner remained.

23    22.   Each class member relied upon the exact same representations when they purchased the

24    Brother Printers and Brother Toner Cartridges.

25    23.   Plaintiff and all class members purchased Brother Toner Cartridges for their Brother

26    Printers. Each time Plaintiff and all class members bought a new Brother Toner cartridge for their

27    Brother printer, it was done in direct reliance upon Defendants' false representations. Specifically,

28    Plaintiff and all class members prematurely and continually purchased the Brother Toner Cartridges

5

I:\Active Civil Library\Brother Litt\Complaint Brother2 1/

EXHIBIT   A   PAGE  11

1  due to the information that they received from Defendants representing: (a) that the Brother Printers

2  would only work with the Brother Toner Cartridges ; (b) that use of toner cartridges other that the

3  Brother Toner Cartridges would damage the Brother Printers; (c) that the Brother Toner Cartridges

4  accurately monitored the amount of toner left within them; and (d) that no toner was left in the

5  Brother Toner Cartridges when, in fact, a significant amount of ink remained in said cartridges.

6  Plaintiff is informed and believes that each class member relied upon the exact same representations

7  when they purchased the Brother Toner Cartridges.

8      24.   The Brother Toner Cartridges are not transparent, precluding Plaintiff and all class

9  members from independently verifying the amount of toner left in the Brother Toner Cartridges.

10      25.   Each class members' forbearance from the taking of steps to obtain access to the

11  substantial amount of remaining toner in the Brother Toner Cartridges was and is a direct result of

12  their justifiable reliance upon Brother's misrepresentations that the Brother Toner Cartridges are

13  empty. Specifically, Defendants' misrepresentation completely discouraged Plaintiff and class

14  members from taking any of the following steps: (1) using readily available methods to circumvent

15  the Brother Toner Cartridges; (2) accurately compare the true cost of Brother Toner Cartridges with

16  the cost of readily available generic toner cartridges manufactured by third parties. But for

17  Defendants' misrepresentations that the Brother Toner Cartridges were empty, Plaintiff and all class

18  members would not have thrown away and replaced a viable toner cartridge with a substantial

19  amount of toner in it, but would have tried readily available methods to use all of the toner in the

20  cartridge before purchasing another toner cartridge.

21      **The Widespread Nature of the Problem**

22      The number of Brother Printers affected by this defect is substantial. According to candid

23  and unsolicited reviews on internet review sites:

24

25        •   This printer is designed in such a way that when the printer senses that it is low on
      toner, it will NOT PRINT AT ALL. THERE IS NO WAY TO OVERRIDE THIS
      FEATURE. It is not a driver issue, but a hardware one. In my case, I was about to

26           leave for the airport and needed to print out my presentation notes. But the printer
      absolutely refused to print! It was midnight and I was leaving first thing in the

27           morning, so I couldn't just go out and get a new cartridge. You can take out the

28           cartridge, shake it around it bit, and MAYBE get one or two more copies out of it

CLASS ACTION COMPLAINT

                                        Active Civil Library\Brother\Ln\Complaint Brother...

EXHIBIT A PAGE 12

But other than that, you simply CANNOT print when the toner is "low" (even though there IS toner left in the cartridge!). So if you don't have an extra cartridge on hand when the printer decides that your toner is "low", you're in trouble! This is a maddening feature of this printer. Brother says it's to "preserve print quality," but I'd prefer if they'd let the user decide when she or he wants to "preserve print quality" versus printing nothing at all! I've never had a printer do this. I could print for weeks (even months) when my old NEC laser printer indicated it was "low" in toner. If I had known that this was not the case with this printer, I would not have purchased it. It's simply another way for Brother to get more money out their customers with their overpriced printer cartridges;

- After replacing one toner cartridge and realizing that the toner looked to be at least half full (I broke it open) OR MORE!!!! I refused to be snookered again by brother on a toner cartridge that is working perfectly other than the counter. So I tried the solution given about resetting the drum counter on my second toner cartridge and I still have that god for "saken" toner light on. This time it is flashing instead of staying fully lit. But I'm still very upset at brother as I feel I have been deceived in the name of profit. That cartridge is still good for a whole heap of prints. I also would like to know if there is a way to reset the page counter, or maybe find out what is making a half full or greater toner cartridges complain about low toner. This has to be a sensor of some kind that has been set incorrectly by brother.

- Maybe we can tweak it so that toner works longer, I mean I would rather have a print come out blank or grey from a lack of toner and replace the cartridge than put half used cartridges filled with toner in the trash that will most likl[e]y wind up in a landfill. Not to mention the money saved on purchasing cartridges. This really is getting under my skin especially because I like this little printer.

- It says that the toner is low, but I know for a fact that it isn't. I've done some research and have found that many printers will read the number of pages printed and use this to ascertain whether the toner is low rather than reading the amount of toner left. This way, the company sells more toner carts and drums;

- Yesterday [the printer] notified me that my toner was empty and I needed replacement cartridge (which I didn't have since there was no "low toner" warning). It would not function regardless of what I did even though it was printing just fine so there was in fact toner in the cartridge. I did the usual stuff-took the cartridge out, shook it, and put it back several times, but to no avail. I called customer service and they said I had to get a new cartridge to get it working. Nothing else could be done! I was totally shut down. Furthermore, the cartridge ran out at only 1012 pages (which I pulled off the maintenance sheet), so their claims about what you're buy appear to be false;

- I have had the same problem with the toner ... I replaced the toner and then I was back in business even though there was ink in the cartridge;

- I have had this printer for 10 1/2 months. I have spent $1420.00 on toner;

7

EXHIBIT  A , PAGE  13

- I got tired of buying new cartridges when mine were obviously not empty.

- There are several issues with this machine. First the replacement cartridges are among the most expensive and, at this time, cannot be refilled. At $170 each; and

- Consumables are overpriced and run out way too often. Cartridges use is less than half advertised amount.

## FIRST CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, California Civil Code § 1750 et seq.)

26. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27. This claim is brought by Plaintiff against Defendants on behalf of themselves and on behalf of all of the members of the class.

28. This cause of action is brought pursuant to the Consumer Legal Remedies Act, Civil Code § 1750, et seq.

29. This action may be maintained as a class action under § 1781 of the CLRA for the reasons set forth above.

30. Plaintiff and all class members are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770(a).

31. The Company's acts and practices violated Civil Code §§ 1770(a) (5), 1770(a) (7), 1770(a) (9), and 1770(a) (15).

32. Pursuant to §1780(a)(2) of the CLRA, Plaintiff seeks an order enjoining the above-described wrongful acts and practices of the Company, including, but not limited to, an order enjoining the Company from the methods, acts and practices detailed in this Complaint.

33. In accordance with the requirements of Civ. Code § 1782(a), counsel for Plaintiff provided Defendants with written notice on June 4, 2007, of the allegations within this Complaint. Because Defendants failed to adequately respond to Plaintiff' demand to "correct, repair, replace, or otherwise rectify" the misrepresentations described above within thirty (30) days of receipt of the §1782 notice, Plaintiff also seeks relief in the form of a claim for actual damages, punitive damages,

8

F: Active Civil Library\Brother\LitComplaint Brother1 Do

1   attorneys' fees and costs and/or restitution. In addition, Plaintiff seeks, pursuant to *Civil Code* §

2   1780(a)(20), an order enjoining the above described wrongful acts and practices of Defendants, plus

3   costs and attorneys' fees, and any other appropriate relief under *Civil Code* § 1780.

4

5   ## SECOND CAUSE OF ACTION
    ### (Violation of Bus. & Prof. Code § 17200 et seq.)

6       34.   Plaintiff hereby incorporates by reference each of the preceding allegations as though

7   fully set forth herein.

8       35.   This claim is brought by Plaintiff against Defendants on behalf of himself and on behalf

9   of all of the members of the class.

10      36.   Plaintiff and all class members are persons within the meaning of Business and

11  Professions Code § 17204 as defined by Business and Professions Code § 17201.

12      37.   Plaintiff are informed and believe, and thereon allege that Defendants, and each of

13  them, as indicated by their conduct previously alleged, conduct themselves in the business of

14  unlawfully, unfairly and fraudulently selling toner cartridges and laser printers by misrepresenting

15  their products.

16      38.   California Bus. & Prof. Code § 17200 prohibits acts of unfair competition, which

17  include any "unlawful, unfair or fraudulent business practice."

18      39.   By representing to the consuming public that: (a) Brother Printers would only work

19  with the Brother Toner Cartridges ; (b) use of toner cartridges other than the Brother Toner

20  Cartridges would damage the Brother Printers; (c) Brother Toner Cartridges accurately monitored

21  the amount of toner left in the cartridges; and (d) that no toner was left in the Brother Toner

22  Cartridges when, in fact a significant amount of toner remained Defendants engaged in unlawful,

23  unfair and fraudulent business practices within the meaning of the California Bus. & Prof. Code

24  § 17200

25      40.   Specifically, Defendants have violated Bus. & Prof. Code § 17200's prohibition against

26  engaging in unlawful, unfair or fraudulent acts or practices by:

27          a.   failing to disclose the defect in the Brother Printers and/or Toner Cartridges even

28              though Brother reasonably knew, or should have known, and intended that Plaintiff

                                        9

1   and the Class members would continue to purchase defective Brother printers and

2   toner cartridges;

3      b.   engaging deceptive, untrue and misleading advertising; and

4      c.   Engaging in false and misleading statements in violation of Bus. & Prof. Code

5      § 17500.

6      41.   Pursuant to Bus. and Prof. Code § 17203, Plaintiff and the members of the Class are

7   therefore entitled to a judgment: (a) requiring Defendants to cease the acts of unfair competition

8   alleged herein; (b) an order requiring Defendants to disgorge all ill gotten gains; (c) awarding

9   Plaintiff and the Class their attorneys' fees pursuant to Cal. Code Civ. P. § 1021.5; and (d) awarding

10  Plaintiff and the Class the costs of this litigation.

11
### THIRD CAUSE OF ACTION
### (Violation of Bus. & Prof. Code § 17500 et seq.)
12

13     42.   Plaintiff hereby incorporates by reference each of the proceeding allegations as if fully

14  set forth herein.  This claim arises under Business & Professions Code § 17500.

15     43.   At all times relevant hereto, each Defendants were a "person" as that term is defined in

16  *Bus. & Prof. Code* § 17506.

17     44.   *Bus. & Prof. Code* § 17500 provides that "[I]t is unlawful for any person, firm,

18  corporation or association with intent…to dispose of…personal property…to induce the public to

19  enter into any obligation relating thereto, to make or disseminate or cause to be made or

20  disseminated before the public in this state…any statement…which is untrue or misleading, and

21  which is known, or which by the exercise of reasonable care should be known, to be untrue or

22  misleading…"

23     45.   Defendants represent its printers and its toner cartridges are of a high quality and that

24  they print so long as toner remains in the toner cartridge.  This representation, among others, is

25  inaccurate and misleading because the toner cartridges, which are sold both individually and as

26  bundled with the Brother Printers, are defectively designed in a manner that renders them unfit for

27  their ordinary and usual purpose.  As a result of the defect, consumers suffer a loss of use of their

28  printer when the printer stops functioning as a result of low toner when in fact, significant toner

10

CLASS ACTION COMPLAINT

I:\Active Civil Library\Brother\Lit\Complaint Brother 1.

1  remains in the toner cartridge. Thus, consumers are forced to purchase replacement toner cartridges

2  even though toner remains.

3      46. During the Class Period Defendants did not disclose, conspicuously or otherwise, that

4  its representations related to the quality of its products were or that the "low toner" warnings were

5  untrue, misleading, exaggerated or false.

6      47. Defendant's act of untrue and misleading advertising presets a continuing threat to

7  members of the public because the advertisements induce consumers to purchase Brother Printers

8  and Brother Toner cartridges.

9      48. As a result of the violations of California law described above, Defendants have been,

10 and continue to be, unjustly enriched by receipt of hundreds of thousands, if not millions, of dollars

11 in monies received from customers who purchase the Brother Printers and Brother Toner Cartridges

12 which Brother and/or its third party agents advertise and/or otherwise market in this State and this

13 County, and which materially misrepresents the quality and standard of the products.

14     49. Pursuant to *Bus. & Prof. Code* § 17535, Plaintiff request that this Court make such

15 orders or judgments as may be necessary to prevent the use or employment by Defendants of untrue

16 and misleading advertisements, or which may be necessary to restore Plaintiff and the members of

17 the class any money which may have been acquired by Defendants by means of untrue and

18 misleading advertisements.

19                          **PRAYER FOR RELIEF**

20     WHEREFORE, Plaintiff, on behalf of himself and members of the Class defined herein,

21 prays for judgment and relief as follows:

22          A. An order certifying that this action may be maintained as a class action;

23          B. Award to Plaintiff and Class members full restitution;

24          C. An order enjoining Defendant from engaging the unfair and/or deceptive acts or

25           practices, as set forth in this Complaint;

26          D  Compensatory damages;

27          E. Punitive Damages;

28          F  Restitution and disgorgement of the unlawful profits collected by the Defendant.

                                    11

CLASS ACTION COMPLAINT

Active Civil Literatur\Brother\Lit\Complaint Brother\2.13

EXHIBIT *A* PAGE 17

G.  An order providing for declaratory and/or injunctive relief:

    1.   enjoining Defendant from continuing the deceptive practices alleged herein; and

    2.   granting other extraordinary equitable and/or injunctive relief as permitted by law, including specific performance, reformation and imposition of a constructive trust;

H.  Prejudgment and post-judgment interest at the prevailing legal rate;

I.  Plaintiff's attorneys' fees and costs of suit; and

J.  Such other and further relief as the Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial by jury.

DATED: December 18, 2007

Respectfully Submitted,
KALCHEIM LAW GROUP, P.C.

AMBER S. HEALY
Attorneys for Plaintiff

12

CLASS ACTION COMPLAINT

I:\Active Civil Library\Brother\Lit\Complaint Brother2 D

## DECLARATION OF JEFF KANDEL

I, Jeff Kandel, being duly sworn, hereby state as follows:

1.    I am the plaintiff in this action.

2.    I am a resident of Los Angeles, California.  During the class period I was subject to the conduct alleged in my complaint regarding Brother printers.

3.    I am informed and believe that Defendant in this action conducts substantial business activity in Los Angeles County, including the conduct that is detailed in my complaint.

Dated: ___7/18/57___

_____
Jeff Kandel

DECLARATION OF JEFF KANDEL

EXHIBIT A PAGE 19

1   **KALCHEIM LAW GROUP, P.C.**
    Mitch Kalcheim (SBN: 175846)
2   Amber S. Healy (SBN: 232730)
    2049 Century Park East, Suite 2150
3   Los Angeles, California 90067
    Telephone:   310-461-1200
4   Facsimile:   310-461-1201

5   Attorneys for Plaintiff

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF LOS ANGELES**

10  JEFF KANDEL, individually and on behalf of        **CASE NO. BC382395**
    all others similarly situated;
11                                                     **NOTICE OF COURT ORDER RE: NON-**
                      Plaintiff,                       **COMPLEX DESIGNATION AND RE-**
12                                                     **ASSIGNMENT**
            vs.
13                                                     CLASS ACTION
    BROTHER INTERNATIONAL
14  CORPORATION; BROTHER INDUSTRIES,                   Assigned to the Hon. Ronald M. Sohigian
    LTD; and DOES 1 through 100 inclusive.             Dept. 41
15

16

17

18  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

19          NOTICE IS HEREBY GIVEN that pursuant to Court Order dated January 2, 2008, the

20  above-entitled matter has been designated non-complex and is re-assigned to the Honorable Ronald

21  M. Sohigian in Department 41 of the Stanley Mosk Courthouse located at 111 North Hill Street, Los

22  Angeles, California for all further proceedings. A true and correct copy of the Court's Order is

23  attached hereto.

24  DATED:   January 14, 2008                  KALCHEIM LAW GROUP, P.C.

25

26                                             _____
                                               AMBER S. HEALY
27                                             Attorneys for Plaintiff

28
                                          1
    NOTICE OF COURT ORDER RE: NON-COMPLEX DESIGNATION

EXHIBIT B   pg 20

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE 01/02/08 | | DEPT. 324 |
| HONORABLE VICTORIA CHANEY   JUDGE | L. HIRONAKA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

8:30 am BC382395

JEFF KANDEL
VS
BROTHER INTERNATIONAL CORPORATI
ET AL

NON-COMPLEX (01-02-08)

Plaintiff
Counsel

NO APPEARANCES

Defendant
Counsel

---

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 01-03-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 01-03-08

John A. Clarke, Executive Officer/Clerk

By: ___**KIN HILAIRE**_____
         KIN HILAIRE

KALCHEIM LAW GROUP, P.C.
Mitch Kalcheim, Esq.
2049 Century Park East, Suite 2150
Los Angeles, California  90067

Page   2 of   2   DEPT. 324

MINUTES ENTERED
01/02/08
COUNTY CLERK

EXHIBIT *B* PAGE *21*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/02/08 | | | | DEPT. 324 |
|---|---|---|---|---|
| HONORABLE VICTORIA CHANEY | JUDGE | L. HIRONAKA | | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| | Deputy Sheriff | NONE | | Reporter |

| 8:30 am | BC382395 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JEFF KANDEL VS BROTHER INTERNATIONAL CORPORATI ET AL | Defendant Counsel | |
| | NON-COMPLEX (01-02-08) | | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Ronald M. Sohigian in Department 41 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 41 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of  2   DEPT. 324

MINUTES ENTERE
01/02/08
COUNTY CLERK

**PROOF OF SERVICE**
California Code of Civil Procedure § 1013

I, Kathy Williams, declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 2049 Century Park East, Suite 2150, Los Angeles, California 90067. On **January 15, 2008**, I served a true and correct copy of the following document(s) described as:

**NOTICE OF COURT ORDER RE: NON-COMPLEX DESIGNATION AND REASSIGNMENT**

The documents were served on the persons listed below:

Brother International Corp./Brother Industries
Attention: General Counsel
100 Somerset Corporate Blvd.
Bridgewater, NJ 08807-0911

The documents were served by the following means:

___ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Parcel Service, in a sealed envelope with postage fully prepaid.

___ **By Fax Transmission.** I transmitted via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date at approximately _____.m. The outgoing facsimile machine telephone number in this office is (310) 461-1201. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error.

XXX **By Overnight Delivery.** I enclosed the documents by placing them in an envelope or package addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2008, at Los Angeles, California.

Kathy Williams
Kathy Williams

1

PROOF OF SERVICE

EXHIBIT B PAGE 23

KALCHEIM LAW GROUP, P.C.
Mitch Kalcheim (SBN: 175846)
Amber S. Healy (SBN: 232730)
2049 Century Park East, Suite 2150
Los Angeles, California 90067
Telephone:   310-461-1200
Facsimile:    310-461-1201

Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 17 2008

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
          C. GIPSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

JEFF KANDEL, individually and on behalf of all others similarly situated;

        Plaintiff,

   vs.

BROTHER INTERNATIONAL CORPORATION; BROTHER INDUSTRIES, LTD; and DOES 1 through 100 inclusive.

CASE NO. BC382395

**PLAINTIFF'S OBJECTION TO NON-COMPLEX DESIGNATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

CLASS ACTION
Assigned to the Hon. Ronald M. Sohigian
Dept. 41

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

Pursuant to California Rules of Court, Rule 3.400, *et seq.*, Plaintiff Jeff Kandel ("Plaintiff") respectfully submits this Notice of Objection to the Non-Complex Designation and the attached memorandum of points and authorities in support thereof. Plaintiff respectfully requests that the court to reconsider the non-complex designation and set a hearing on the matter and/or allow further briefing regarding the complexity of this action.

DATED:        January 17, 2008

        KALCHEIM LAW GROUP, P.C.

        _____
        Amber S. Healy
        Attorneys for Plaintiff

1

PLAINTIFF'S OBJECTION TO NON-COMPLEX DESIGNATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

EXHIBIT _____ C _____   pg 24  1.17.08

II.    **THIS MATTER MEETS THE REQUIREMENTS**
       **OF COMPLEXITY UNDER CALIFORNIA RULE OF COURT 3.400**

Rule 3.400 outlines the requirements for a matter to be deemed complex. The five factors which a court is to consider are:

    (1)    Numerous pretrial motions raising difficult or novel legal issues that will be time consuming to resolve;

    (2)    Management of a large number of witnesses or a substantial amount of documentary evidence;

    (3)    Management of a large number of separately represented parties;

    (4)    Coordination with related actions pending in one or more courts in other counties, states, or countries or in federal court; or

    (5)    Substantial post-judgment judicial supervision.

The instant case meets these factors and therefore should be deemed complex by this Court. CRC 3.403(b) empowers this Court to decide at any time that a civil action is a complex case on its own motion or on a noticed motion by any party. This case was filed as a class action and despite its provisionally complex designation it was eventually deemed non-complex. However, because this case meets the complex designation requirements detailed in CRC 3.400, the Court should reconsider its designation.

First, this case will undoubtedly involve a great number of pre-trial motions, concerning, among other things, jurisdictional disputes, class certification, and complex discovery disputes, which will likely raise complex privacy issues.

Second, it is likely that the Defendant will challenge the allegations of the complaint on various grounds, including jurisdictional grounds. These challenges will raise novel and complex issues. Given the scope and breadth of the proposed class, it is likely that the action will involve a great number of expert and percipient witnesses and voluminous amounts of documentary and electronic evidence. The discovery issues will be complex, time consuming, will require likely require non-party discovery and require substantial judicial involvement and supervision. On this

3

1 ground alone, the action satisfies the requirements of CRC 3.400 and should be deemed complex.

2 Counsel anticipates that Plaintiff's motion for class certification will also be challenged.

3 And, once again this Court will be faced with highly contested and complex issues regarding class

4 certification. In addition, the Court will have to determine whether Defendant violated California

5 consumer protection laws by engaging in the wrongful conduct alleged by Plaintiff.

6 This case will also involve the management of a large number of witnesses, separate parties

7 and as discussed above, a large amount of documentary evidence. Plaintiff's counsel expects a large

8 amount of documentary evidence in this matter. Discovery will include all documents between

9 Defendant and Class Members (which is likely in the hundreds of thousands, if not millions),

10 including among other things, advertising materials, training materials, telephone scripts, and

11 customer service records.

12 In addition, this case will also require substantial post-judgment supervision. As a class

13 action involving hundreds of thousands (if not millions of California consumers) any settlement or

14 judgment in favor of the class will require substantial post-judgment supervision.

15 **III.   CONCLUSION**

16 Based on the foregoing, Plaintiff respectfully requests that this Court deem the instant action

17 complex and retain the action within the "Complex Litigation Program" so that the litigation can be

18 appropriately managed.

19

20 DATED:   January 17, 2008                     KALCHEIM LAW GROUP, P.C.

21

22

23                                              AMBER S. HEALY
                                               Attorneys for Plaintiff

24

25

26

27

28
                                        4
PLAINTIFF'S OBJECTION TO NON-COMPLEX DESIGNATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

**PROOF OF SERVICE**
California Code of Civil Procedure § 1013

I, Kathy Williams, declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 2049 Century Park East, Suite 2150, Los Angeles, California 90067. On **January 17, 2008,** I served a true and correct copy of the following document(s) described as:

**PLAINTIFF'S OBJECTION TO NON-COMPLEX DESIGNATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The documents were served on the persons listed below:

Brother International Corporation/Brother Industries
Attention: General Counsel
100 Somerset Corporate Blvd.
Bridgewater, NJ 08807-0911

The documents were served by the following means:

**XX By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Parcel Service, in a sealed envelope with postage fully prepaid.

___ **By Fax Transmission.** I transmitted via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date at approximately _____.m. The outgoing facsimile machine telephone number in this office is (310) 461-1201. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error.

___ **By Overnight Delivery.** I enclosed the documents by placing them in an envelope or package addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2008, at Los Angeles, California.

Kathy Williams

PROOF OF SERVICE

1

EXHIBIT C PAGE 28

1          **PROOF OF SERVICE BY MAIL**

2    STATE OF CALIFORNIA              )
                                      )  ss.:
3    COUNTY OF ORANGE                 )

4            I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the
     within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1998.
5    My electronic notification address is trhea@rutan.com.

6            On February 14, 2008, I served on interested parties in said action the within document at the address below:

7            **NOTICE OF REMOVAL**

8
     Mitch Kalcheim, Esq.
9    Amber S. Healy, Esq.                        Attorney for Plaintiff
     Kalcheim Law Group
10   2049 Century Park East, Suite 2150          Telephone: (310) 461-1200
     Los Angeles, CA  90067                      Facsimile: (310) 461-1201

11

12   []       (BY E-MAIL) I transmitted a true copy of the foregoing document(s) to the e-mail addresses set forth as
     stated above.
13   [X]      (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States
     mail at Costa Mesa, California. .
14   [ ]      (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of
     the addressee(s).
15   [ ]      (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier
     with delivery fees provided for, addressed to the person(s) on whom it is served.
16   []       (BY FACSIMILE) I served the parties listed on the service list by facsimile on the fax numbers listed below
     each of the parties.
17   [X]      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true
     and correct.
18   [X ]     (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose
     direction the service was made.
19           Executed on February 14, 2008, at Costa Mesa, California. I declare under penalty of perjury under the laws
     of the State of California that the foregoing is true and correct.

20
                 T. Rhea
21             (Type or print name)                              (Signature)

22

23

24

25

26

27

28

     528/060030-0049
     884000 01 a02/12/08