Layne Melzer (State Bar No. 132292)
(lmelzer@rutan.com)
Karen E. Walter (State Bar No. 186934)
(kwalter@rutan.com)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendant
BROTHER INTERNATIONAL
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF KANDEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BROTHER INTERNATIONAL CORPORATION; BROTHER INDUSTRIES, LTD; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV08-1040 DSF (RCx)<br><br>Hon. Rosalyn M. Chapman<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND [~~PROPOSED~~] PROTECTIVE ORDER<br><br>Date Action Filed:  12/18/07<br>Removal Date:       2/14/08<br>Trial Date:              2/9/10 |

WHEREAS, in the course of the above-captioned action, Plaintiff Jeff Kandel, on behalf of himself and all others similarly situated, and defendant Brother International Corporation ("Brother"), (the Parties are referred to herein individually as a "Party," collectively the "Parties"), believe they may possess "Confidential Information" and "Restricted Information," as defined below and within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Parties believe that certain discovery responses, including but not limited to, answers to interrogatories, responses to requests for documents,

deposition testimony, and responses to requests for admission may require disclosure of Confidential Information and Restricted Information;

WHEREAS, the Parties desire to establish a mechanism to protect the disclosure of Confidential Information and Restricted Information in the above referenced matter (the "Litigation");

WHEREAS, the Parties further desire to establish a mechanism to govern the treatment of materials that a party asserts were produced inadvertently despite their privileged or protected status ("Inadvertently Produced Materials");

WHEREAS, the Parties hereto, through their respective counsel, have reached an agreement governing the use, dissemination and disclosure of Confidential Information and Restricted Information obtained through discovery in this Litigation and the treatment of Inadvertently Produced Materials in this Litigation, and the Parties have agreed to the form of this Stipulated Confidentiality Agreement and Protective Order; and

WHEREAS, the Court has found good cause for the entry of this Stipulated Confidentiality Agreement and Protective Order;

IT IS STIPULATED:

This Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall be applicable to and govern all Confidential Information and Restricted Information, as defined below, contained in depositions, documents, answers to interrogatories, responses to requests for admissions and all other discovery taken in this action pursuant to the Federal Rules of Civil Procedure, testimony adduced at trial, and the production, inspection, copying and disclosure of information produced by the Parties, directly or indirectly, by or on behalf of any Party to the Litigation, including such Party's predecessors, successors, parents, subsidiaries, divisions and affiliated companies and companies under the direction and/or control of a Party or its owner(s).

1. <u>Terms</u>

(a) "Confidential Information" is information that (1) constitutes proprietary business information, trade secrets, information subject to a legally protected right of privacy or confidentiality agreement with a third party, and (2) if disseminated would cause the designating Party to suffer competitive harm, breach an agreement or, in the case of a non-business entity, would constitute an invasion of privacy.

(b) "Restricted Information" means Confidential Information containing highly-sensitive, commercial material related to pricing, product development and competitive strategies.

(c) "Document(s)" means any papers, documents, discovery responses, computer images, disks, diskettes, memory cards, audio recordings, videotapes, digital images or media, e-mails, instant messages, word processing documents, spreadsheets, databases, calendars, telephone logs, electronic media and other tangible things produced by any Party or obtained in connection with this action; transcripts of depositions herein and exhibits thereto and copies, extracts, databases and complete or partial summaries or indexes prepared from such papers, documents or things.

2. <u>Designation</u>

(a) The Parties shall have the right to designate as "Confidential Information" any document which, after making a good-faith assessment, meets the definition of "Confidential Information" as set forth herein. A Party may further designate as "Restricted Information" any document containing highly-sensitive, commercial material related to pricing and competitive strategies as "Restricted Confidential – Attorneys' Eyes Only."

(b) To designate any document as "Confidential Information," the Party shall mark every page of the confidential document, including every page of a deposition, hearing or trial transcript in which the Confidential Information appears, with a legend substantially as follows:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN**
**KANDEL V. BROTHER INTERNATIONAL CORPORATION**
**C.D. CAL., CIVIL ACTION NO. CV08-1040 (DSF) (RCx)**

(c)  To designate any document as "Restricted Information," the Party shall mark every page of the restricted document, including every page of a deposition, hearing or trial transcript in which the Restricted Information appears, with a legend substantially as follows:

**RESTRICTED/ATTORNEYS EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER IN**
**KANDEL V. BROTHER INTERNATIONAL CORPORATION**
**C.D. CAL., CIVIL ACTION NO. CV08-1040 (DSF) (RCx)**

(d)  To designate any discovery material other than a document as Confidential Information or Restricted Information, the Party shall mark the outside cover of that material with a legend consistent with subsections (b) or (c), above.

(e)  "Confidential" or "Restricted" information shall not include any material that:

    i.  is, at the time of disclosure, in the public domain, by publication or otherwise;

    ii.  becomes, at anytime, through no act or failure to act on the part of the Party seeking discovery, part of the public domain by lawful publication or other lawful act;

    iii.  is already lawfully in the possession of the Party seeking discovery at the time of disclosure of the material; or,

    iv.  is obtained by a Party by lawful means unrelated to the discovery process and without any obligation of confidence to the Party claiming that such material contains "Confidential" or "Restricted" information.

(e)  If any Party inadvertently fails to designate any material as Confidential Information or Restricted Information, it may correct its error at any

1  time, utilizing the following procedures:  Upon learning that Confidential
2  Information or Restricted Information was produced without the appropriate
3  designation, the producing Party will immediately provide notice of the omission to
4  the recipient and, at the producing Party's option, either provide substituted copies
5  of the Confidential Information or Restricted Information, appropriately marked, or
6  instruct the recipient to mark the undesignated or incorrectly designated material
7  with the appropriate legend.  Upon receiving notice of an omitted designation, it will
8  be the duty of the recipient Party to make all reasonable efforts to return all
9  identified unmarked material in the possession of that Party or in the possession of
10 persons within that Party's control (e.g., retained consultants), and all copies thereof,
11 to the designating Party within ten (10) business days of any written notice
12 requesting their return, or to make all reasonable efforts to label the Confidential
13 Information or Restricted Information appropriately as requested by the designating
14 Party.  No provision in this Protective Order shall affect a Party's right to object to
15 the designation of any document or other material as Confidential or Restricted on
16 waiver grounds, or any other ground that would otherwise be available under
17 applicable law.

18         3.      Depositions

19         (a)     "Confidential Information" and "Restricted Information" may be used
20 at the deposition of any individual authorized by the terms of this Protective Order
21 to receive such Confidential Information or Restricted Information.

22         (b)     When material disclosed during a deposition is designated as
23 "Confidential" or "Restricted" at the time the testimony is given, the reporter shall
24 mark the face of the transcript with the legend, "PORTIONS OF THIS
25 TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL - SUBJECT TO
26 PROTECTIVE ORDER" and/or "PORTIONS OF THIS TRANSCRIPT ARE
27 DESIGNATED AS RESTRICTED/ATTORNEYS' EYES ONLY - SUBJECT TO
28 PROTECTIVE ORDER," as appropriate.

Rutan & Tucker, LLP
*attorneys at law*

528/060030-0049
965074.03 a01/14/09

-5-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER

(c) Counsel for each respective Party shall ensure that the portion of the transcript and any materials that are designated "Confidential" or "Restricted" are redacted or removed from transcripts prior to such transcripts being provided by the counsel for the respective Party to any person to whom disclosure of such material is not permitted under this Protective Order.

(d) Unless otherwise agreed by the Parties, all deposition transcripts and exhibits from depositions taken in this action shall be deemed "Restricted" for thirty days (30) days after receipt of a copy of said deposition transcript and exhibits by counsel for the Parties. Counsel for the Parties shall, during said thirty day period, designate by page and line description or exhibit description, those portions of the transcript and exhibits which will be deemed "Confidential" or "Restricted." If no such designation is made within the thirty day period, the deposition transcript and exhibits shall not be deemed to contain "Confidential" or "Restricted" information as those terms are used in this Protective Order. In the event a deposition transcript contains Confidential Information or Restricted Information, only those portions containing Confidential Information or Restricted Information are restricted from disclosure.

(e) No Party concedes that any documents, tangible items and/or deposition testimony marked "CONFIDENTIAL" or "RESTRICTED" by another Party or the Court Reporter, does, in fact, contain Confidential and/or Restricted Information, and reserves the right to challenge said designation as set forth below.

4. <u>Challenge to Designation</u>

(a) Prior to making a designation that a document contains Confidential Information or Restricted Information, a Party must make a good faith determination on a page-by-page basis that the material does, in fact, contain Confidential Information or Restricted Information. If any page contains Confidential Information or Restricted Information, the entire page may be so marked.

(b) If a Party disagrees with the "CONFIDENTIAL" or "RESTRICTED"

designation of any purported Confidential Information or Restricted Information, the Party may so notify the designating Party in writing that it objects to the designation. Challenge to a deposition designation may be made either upon the record of the deposition or as provided in the preceding sentence. An objection to a "CONFIDENTIAL" or "RESTRICTED" designation may be made at any time in the litigation.

(c) In the event a designation is objected to as set forth in paragraph 4(b), the Parties shall attempt to resolve the dispute in good faith on an expedited and informal basis, pursuant to Local Rule 37-1. If the challenge cannot be informally resolved within 20-business days of the initial challenge, the Party designating the material as CONFIDENTIAL or RESTRICTED shall apply to the Court for an appropriate ruling, in compliance with Local Rule 37-2. On any such motion, the burden of establishing that the material is entitled to protection from disclosure as Confidential Information or Restricted Information shall be governed by the law of California, the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Central District of California. The material shall continue to be treated as Confidential Information or Restricted Information until the Court rules to the contrary. If the designating Party does not apply for an appropriate ruling within 10 days of the end of the 20-business day period, each challenged document shall lose its protected status and shall not be subject to the terms of this order notwithstanding the original designation.

(d) A Party shall not be obligated to challenge the propriety of the designation of documents or other tangible items as Confidential Information and/or Restricted Information at the time of production, and failure to do so shall not preclude a subsequent challenge to any such designation.

(e) Nothing in this Protective Order is intended to diminish the designating Party's burden of demonstrating that a Document contains Confidential or Restricted Information.

      5.    <u>Limitations on Use of Confidential/Restricted Information</u>

A Party shall not use any Confidential Information or Restricted Information produced by the other Party for any purpose other than in connection with the preparation, trial and appeal, including retrials, of this Litigation.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the Party designating material as "CONFIDENTIAL" or "RESTRICTED" consents in writing to such disclosures.

      6.    <u>Filing Under Seal</u>

    (a)    All documents, or any portions thereof, that contain Confidential or Restricted Information that are filed or lodged by any Party with the Court shall be filed pursuant to L. Civ. R. 79-5, or such other rules as may be in effect.

    (b)    In the event that the receiving Party seeks to file Confidential or Restricted Information in the Court's publicly accessible files and the producing Party is unwilling to grant written permission to file the Confidential or Restricted Information in that manner, the receiving Party shall make an application to the Court under L. Civ. R. 79-5.1 designated "motion to seal materials."  The designating Party shall file a memorandum and/or supporting declaration within ten (10) days of said application setting forth why the material marked "CONFIDENTIAL" or "RESTRICTED"  should be filed under seal.

If the Court determines that any material marked "CONFIDENTIAL" or "RESTRICTED" shall not be filed under seal, the Party seeking to file the material may file the material that was the subject of the Court's determination in the Court's publicly accessible files.  All other protections provided by this Protective Order shall remain in place.

    (c)    The Court will, at the appropriate time and in its discretion, set forth any procedures for the use or submission at trial of material designated "CONFIDENTIAL" or "RESTRICTED."

    (d)    The Parties recognize the Court may deny requests to file materials

marked "CONFIDENTIAL" or "RESTRICTED" under seal based on the public's common law right of access and pursuant to the holdings in <u>Pintos v. Pacific Creditors Assoc</u>., 504 F.3d 792 (9th Cir. 2007) and <u>Kamakana v. City of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). Nothing in this Protective Order shall prohibit the Court from exercising such discretion.

7. <u>Permitted Disclosures</u>

(a) The documents and/or other materials produced by the Parties which are marked "CONFIDENTIAL" shall not be disclosed to, discussed with, or used by anyone except:

i. Attorneys of record for the Parties to this action, including partners, counsel, associates, paralegals and other support staff in any law firm appearing of record in this action, as well as outside vendors or service providers performing attorney-support tasks (i.e., copying, secretarial work, document management and the like);

ii. [intentionally blank];

iii. Expert consultants and/or witnesses retained by a Party or its counsel, unless such consultants or witnesses are currently employed or retained by a competitor of Brother as set forth in Exhibit B, provided that this subsection iii. shall be without prejudice to any application by any party to provide "CONFIDENTIAL" materials to an expert or consultant currently retained by a competitor of Brother (as set forth in Exhibit B), it being understood that the disclosure of the "CONFIDENTIAL' materials shall not occur until Brother consents to the disclosure or the Court approves that disclosure;

iv. Any person or persons who prepared or assisted in the preparation of such document or has knowledge of the specific "CONFIDENTIAL" information addressed in the document;

v. Persons to whom copies thereof were addressed or delivered;

vi. The Parties to this action, with a good faith need to know the

Confidential Information, including officers, directors, managers and in-house counsel of the Parties; and

      vii.    Court reporters and/or court personnel in connection with trial, hearings or depositions held in this matter.

    (b)    The documents and/or other materials produced by the Parties which are marked "Restricted" shall not be disclosed to, discussed with, or used by anyone except:

      i.    Attorneys of record for the Parties to this action, including partners, counsel, associates, paralegals and other support staff in any law firm appearing of record in this action, as well as outside vendors or service providers performing attorney-support tasks (i.e., copying, secretarial work, document management and the like);

      ii.    [intentionally blank];

      iii.    Expert consultants and/or witnesses retained by a Party or its counsel, unless such consultants or witnesses are currently employed or retained by a competitor of Brother as set forth in Exhibit B, provided that this subsection iii. shall be without prejudice to any application by any party to provide "RESTRICTED" materials to an expert or consultant currently retained by a competitor of Brother (as set forth in Exhibit B), it being understood that the disclosure of the "RESTRICTED" materials shall not occur until Brother consents to the disclosure or the Court approves that disclosure;

      iv.    Any person or persons who prepared or assisted in the preparation of any particular document produced by the Parties or has knowledge of the specific "RESTRICTED" information addressed in the document;

      v.    Persons to whom copies thereof were addressed or delivered;

      vi.    Court reporters and/or court personnel in connection with trial, hearings or depositions held in this matter.

    (c)    Nothing in this paragraph shall restrict the ability of counsel for any

Rutan & Tucker, LLP
*attorneys at law*

528/060030-0049
965074.03 a01/14/09

-10-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER

Party to disclose so much of the substance of a Restricted document to his or her client as is necessary to provide the client with advice concerning this litigation.

8. <u>Agreement by Disclosees</u>

(a) The Parties may deem it necessary in connection with the preparation or trial of this case for experts and consultants retained in this action to review documents that have been designated "CONFIDENTIAL" or "RESTRICTED," and may provide those materials to the experts and consultants provided that any such actual or contemplated expert or consultant (1) is not a current employee of or otherwise presently retained by any competitor of Brother identified in Exhibit B hereto, and (2) shall execute a Certificate of Acknowledgement in the form attached hereto as "Exhibit A," prior to having access to any material designated as "CONFIDENTIAL" or "RESTRICTED."  The restrictions upon the disclosure of "CONFIDENTIAL" or "RESTRICTED" information set forth in subsection 8(a)(1) shall be without prejudice to any application by any party to provide "CONFIDENTIAL" or "RESTRICTED" materials to an expert or consultant currently retained by a competitor of Brother (as set forth in Exhibit B), it being understood that the disclosure of the "CONFIDENTIAL" or "RESTRICTED" materials shall not occur until Brother consents to the disclosure or the Court approves that disclosure.

(b) Before being given access to Confidential Information or Restricted Information, any person, except those described in Paragraph 7(a)(i), 7(a)(iv), 7(a)(v), and 7(a)(vii) and 7(b)(i), 7(b)(iv), 7(b)(v) and 7(b)(vi) of this Protective Order and subject to the conditions set forth in Paragraph 8(a), shall be given a copy of this Protective Order and required to read it and be bound by its terms.  Such non-excepted persons shall execute a Certificate of Acknowledgement in the form attached hereto as "Exhibit A," prior to having access to any material designated as "CONFIDENTIAL" or "RESTRICTED."

(c)  All signed Certificates of Acknowledgment shall be maintained by

counsel.  In the event a Party believes, in good faith, that there has been a violation of this Protective Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Certificate of Acknowledgment of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

    (d)    By execution of the Certificate of Acknowledgment, each person to whom disclosure of Confidential Information or Restricted Information is made pursuant to the terms of this Protective Order, shall subject himself to the jurisdiction of this Court for the purpose of contempt or other proceedings in the event of any violation of this Protective Order.

    9.    <u>Claims of Inadvertent Production</u>

    (a)    The inadvertent production of either attorney-client privileged material, Confidential Information or Restricted Information does not constitute a waiver of any privilege or right to claim the privileged or confidential status of the documents, materials, or information produced.  In no event, however, shall any provision in this Protective Order be construed to alter the legal definition of "inadvertent," to reduce or diminish the standard or showing required to establish that production of materials that constitute Confidential Information or Restricted Information was truly inadvertent, or to provide protection from disclosure as governed by applicable law.

    (b)    If a producing Party inadvertently produces attorney-client privileged material in this Action, the producing Party shall promptly make a good-faith representation that such production was inadvertent and take prompt remedial action to withdraw the disclosure.  Within three (3) business days of receiving a written request to do so from the producing Party, the receiving Party must return, sequester, or destroy the specified information and any copies it has.  Thereafter, the receiving Party must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving Party

1  disclosed it before being notified; and may promptly present the information to the
2  Court under seal for a determination of the claim.  The producing Party must
3  preserve the information until the claim is resolved.

4       (c)    If a receiving Party produces, inadvertently or otherwise, Confidential
5  Information or Restricted Information to a third-party not authorized to receive such
6  information as set forth in this Protective Order, the producing Party shall take
7  prompt remedial action to withdraw the disclosure and retrieve all copies of the
8  disclosed information.  The Parties retain all rights to pursue any available remedy
9  for violation of the terms of this Protective Order.  Such inadvertent production does
10 not destroy the overall confidential nature of the information.

11       (d)    A Party that discovers it has received materials designated as or that
12 appear by their plain terms to be subject to the attorney-client privilege or work
13 product protection shall immediately follow the procedures outlined in *Rico v.*
14 *Mitsubishi Motors Corp.,* (2007) 42 Cal 4th 807, including disclosing the materials
15 to the producing Party and inquire whether the production of the materials was
16 inadvertent.  Within ten (10) calendar days of that disclosure, the producing Party
17 must notify the receiving Party in writing whether the production was inadvertent.
18 If the producing Party does not respond within ten (10) calendar days, the producing
19 Party waives all attorney-client privilege or work product protection with respect to
20 the particular materials identified.  During the ten (10) day period, counsel for the
21 receiving Party shall retain all copies of the materials and shall not disclose,
22 disseminate, analyze, reference or otherwise use the materials.

23       (e)    Should the Parties be unable to agree upon the return of such
24 documents and information because of a good faith argument that no privilege or
25 work product protection is applicable, the Party asserting the privilege or work
26 product protection shall have the burden of establishing the privilege or work
27 product protection upon application to the Court or Magistrate.  If the document or
28 information is returned to the producing Party or upon order of the Court, the

Rutan & Tucker, LLP
*attorneys at law*

528/060030-0049
965074.03 a01/14/09

-13-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER

1  production of the document or information shall not constitute a waiver of any
2  privilege or work product protection as to the specific document or information.
3       (f)    A Party objecting to an assertion of the attorney-client privilege or
4  work product protection, nevertheless, shall comply with this Order herein pending
5  resolution of the objection.
6       (g)    This Protective Order shall not preclude or limit any Party's right to
7  oppose discovery on any ground that would otherwise be available.
8       10.    Subpoena
9       (a)    A Party to this action who is served with a subpoena for the production
10 of any Confidential Information or Restricted Information that the Party received
11 from the other Party shall give notice of such subpoena to the other Party's counsel
12 of record in this Litigation.  Such notice shall:
13          i.     be provided as promptly as possible, and, in any event, within
14 two (2) business days of the Party's receipt of the subpoena; and
15          ii.    include a copy of the subpoena and all attachments thereto or
16 identify the Party issuing the subpoena, the specific Confidential or Restricted
17 Information subpoenaed, the requested date of production and the actual date on
18 which the subpoenaed Party intends to produce Confidential or Restricted
19 Information pursuant to the subpoena.
20      11.    Return or Destruction of Confidential Material
21          Within 60 days after (a) a judgment or order dismissing this Litigation
22 becomes final (i.e., no longer subject to appeal), or (b) an order directing
23 distribution of any consideration to the proposed Class becomes final, documents
24 marked "CONFIDENTIAL" or "RESTRICTED" shall be returned to the attorneys
25 for the respective Parties or destroyed by the non-producing Party.  In the event the
26 receiving Party elects to destroy the produced documents, the attorneys for such
27 Party shall provide an affidavit from the Party's attorney within the aforementioned
28 sixty (60) day period, attesting that all materials designated "CONFIDENTIAL" or

Rutan & Tucker, LLP
*attorneys at law*

-14-

528/060030-0049
965074.03 a01/14/09

STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER

"RESTRICTED" have been destroyed. It is the duty of the attorneys for the receiving Party to ensure that all such documents are in fact destroyed and/or returned within the designated time frame. It is also the duty of the attorneys for the receiving Party to ensure that documents marked "Confidential" or "Restricted" that were disseminated to a non-Party, as authorized by the terms of this Protective Order, are in fact destroyed and/or returned within the designated time frame. Nothing in this paragraph shall be construed to prevent the attorneys for either Party from retaining a copy of all pleadings and correspondence relating to this litigation, provided, however, that no dissemination of such materials may be made in contravention of the terms of this Protective Order.

12. <u>No Waiver</u>

(a) The Parties shall not be deemed by the entry of this Protective Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action.

(b) The taking of, or failure to take, any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Protective Order.

(c) Nothing in this Protective Order, nor the production of any document by any Party in the action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceeding, or a waiver of any privilege applicable to any information other than the specific information so produced in these actions, or of the right of the Parties to oppose production of any information.

(d) In the event of any inadvertent disclosure of any Confidential or Restricted Information (as the concept of "inadvertent disclosure" is defined by applicable law), the Parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure, but in no event shall any provision in

this Protective Order be construed to provide any greater or lesser protection against inadvertent disclosure than that provided by applicable law.

13. Jurisdiction

The Court shall retain jurisdiction to enforce this Protective Order, make amendments, modifications, and additions to this Protective Order as the Court may, from time to time, deem appropriate, and resolve any disputes about the designation of Confidential Information or Restricted Information.

14. Penalties for Breach

The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

15. Right to Seek Amendments

(a) Nothing in this Protective Order shall be deemed to prevent any Party from seeking amendments hereto to restrict the rights of access and use of documents and the information referred to herein, or to allow access to persons not included within the terms of this Protective Order upon good cause shown. Nothing contained herein shall preclude a disclosing Party from using or disseminating its own Confidential Information or Restricted Information. If, however, the disclosing Party intentionally disseminates its own "Confidential Information" or "Restricted Information" in a manner that is inconsistent with a claim that the information is "Confidential" or "Restricted," those documents shall lose their status as Confidential Information or Restricted Information.

(b) The Parties may amend this Protective Order by mutual agreement in a writing signed by an authorized representative of each Party and approved by the Court.

16. <u>Survival of Terms</u>

The terms of this Order shall survive the termination of this action and continue in full force and effect.

The Parties consent to the form and entry of this Stipulated Confidentiality Agreement and Protective Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

Dated:  1/5/09                                    RUTAN & TUCKER, LLP

By:        /S/
Layne Melzer
Attorneys for Defendant
BROTHER INTERNATIONAL
CORPORATION

Dated:  1/5/09                                    KALCHEIM LAW GROUP

By:        /S/
Mitch Kalcheim
Attorneys for Plaintiff
JEFF KANDEL

IS IS SO ORDERED, as amended at para. 4(c).

DATED:  January 13, 2009            _/S/ Rosalyn M. Chapman
                                                              Hon. Rosalyn M. Chapman

# **EXHIBIT A**

| | |
|---|---|
| JEFF KANDEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BROTHER INTERNATIONAL CORPORATION; BROTHER INDUSTRIES, LTD; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV08-1040 DSF (RCx)<br><br>Hon. Dale S. Fischer<br>Courtroom 840<br><br>CERTIFICATE OF ACKNOWLEDGMENT<br><br>Date Action Filed:  12/18/07<br>Removal Date:        2/14/08<br>Trial Date:              2/9/10 |

I, _____, being duly sworn, state that:

1. My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____. My telephone number is _____.

2. I have received a copy of the Confidentiality Agreement and Protective Order in the above referenced action. I have carefully read and understand the provisions of the Confidentiality Agreement and Protective Order.

3. I will comply with all of the provisions of the Confidentiality Agreement and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Agreement and Protective Order, and will use only for purposes of this action, any Confidential Information or Restricted Information marked, "CONFIDENTIAL" or "RESTRICTED," including the substance of and any copy, summary, abstract, excerpt, index or description of such Confidential Information or Restricted Information that is disclosed to me.

4. I will return all Confidential Information or Restricted Information that has or will come into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party from whom I received such material.

5. I understand that if I violate the provisions of the Confidentiality Agreement and Protective Order, I may be subject to sanctions by the Court, and that the Parties, or any one of them, may seek other remedies against me. I hereby submit to the jurisdiction of the United States District Court, Central District of California, or any other court to which this matter may be transferred, for the purpose of enforcement of the Order.

DATED: _____   _____

Print Name: _____

# EXHIBIT B

## Competitors of Brother International Corp.

Epson America Inc./Seiko Epson Corporation and their subsidiaries, affiliates and/or divisions

Canon, Inc. and its subsidiaries, affiliates and/or divisions

Eastman Kodak Company and its subsidiaries, affiliates and/or divisions

Hewlett-Packard Company and its subsidiaries, affiliates and/or divisions

Dell Inc. and its subsidiaries, affiliates and/or divisions

Lexmark International Inc. and its subsidiaries, affiliates and/or divisions

Konica Minolta Holdings, Inc. and its subsidiaries, affiliates and/or divisions

Ricoh Americas Corp./Ricoh Co., Ltd. and their subsidiaries, affiliates and/or divisions

Samsung Electronics America, Inc./Samsung Electronics Co., Ltd., and their subsidiaries, affiliates and/or divisions